BLAKE AND JOHNSON, Respondents, *v.* STEPHEN R. KROM, Appellant.

In determining as to whether the amount in controversy in an action is less than the sum limited for an appeal to this court, the evidence as well as the pleadings may be resorted to.

Where, in an action on two promissory notes, the making and execution thereof was admitted by the answer, which set up two counter-claims, and it appeared by the evidence that the amount to which defendant was entitled in any event upon one of the counter-claims, including the amount claimed upon the other, was less than $500, *held*, that the judgment was not reviewable here; also, that as defendant in the other counter-claim claimed a liability on contract fixed at a certain sum, and did not move to amend or increase the claim, he could not be heard upon appeal here to claim that his demand was larger than that stated.

One of the counter-claims was for damages for an alleged breach of a contract upon the part of plaintiff not to manufacture certain machines from defendant's patterns, except for him or upon his order. *Held*, that the damages to which defendant was entitled, assuming a breach of the contract was shown, were simply the profits he would have received had the sale been by him; that he could not include royalties or other incidental advantages; and that as the damages were unliquidated it would not carry interest upon a recovery.

(Argued May 7, 1891; decided June 2, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made

January 5, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and also affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are set forth in the opinion.

*Herbert T. Ketcham* for appellant. Cotemporaneous wrongdoing is material and valuable evidence of the particular wrong charged. (*Cary* v. *Hotaling*, 1 Hill, 311; *Bottomly* v. *United States*, 1 Story, 135.) The counter-claim is not barred by the Statute of Limitations. (Code Civ. Pro. § 390; *Olcott* v. *T. R. R. Co.*, 20 N. Y. 210; *Rathbun* v. *N. C. R. Co.*, 50 id. 656.) This court has jurisdiction of the counter-claim. (U. S. Stat. at Large, chap. 7, § 629; *Annin* v. *Wren*, 44 Hun, 322; *D. T. M. Co.* v. *Hyatt*, 125 U. S. 42.)

*Michael H. Cardozo* for respondents. The judgment is not appealable. (Code Civ. Pro. § 191, subd. 3; *Van Gelder* v. *Van Gelder*, 81 N. Y. 128; *Josuez* v. *Conner*, 75 id. 156; *Knapp* v. *Deyo*, 108 id. 518; *Campbell* v. *Mandeville*, 110 id. 628.) The trial court properly directed a verdict for the plaintiff. (*Dwight* v. *G. L. Ins. Co.*, 103 N. Y. 341.) There was an account stated between the parties which was conclusive upon the defendant. (*Lockwood* v. *Thorne*, 11 N. Y. 170; *Knickerbocker* v. *Gould*, 115 id. 533.) The court properly directed a verdict for the plaintiff. (*Meagley* v. *Hoyt*, 26 N. E. Rep. 719; *C. T. L. Co.* v. *K. C. V. Co.*, 43 Fed. Rep. 7.) The state court had no jurisdiction of this counter-claim. (*H. S. M. Co.* v. *Reinoehl*, 102 N. Y. 167.)

*Per Curiam.* The action was brought upon certain promissory notes of the defendant and the indebtedness thus evidenced is admitted. But the defendant interposed two counter-claims, one for the sum of $82.42 for percentages or commissions upon the manufacture of parts of machines, and the other for $1,471$\frac{17}{100}$ damages for the violation by plaintiffs of their agreement not to manufacture certain machines from defend-

ant's patterns, except for him or upon his order. The evidence is very slight upon which to charge the plaintiffs with any liability or with a violation of their agreement. Whether the trial court was right in refusing to submit the case to the jury and in directing the verdict for the plaintiffs is a question, however, which we shall not review. The amount in controversy, arising out of these counter-claims, falls below the sum of $500. This appears from the evidence and we have the right to refer to it, as well as the pleadings, in order to ascertain that fact. Assuming that the plaintiffs made another machine, which was not ordered by defendant and did not pass through his hands, what he lost thereby was the profit which would have been his upon a sale by him. That profit, according to his proofs, would have been $323.33 and that represents the extent of the damage recoverable. He cannot claim to include the royalties, or other incidental advantages, accruing to him from a sale of his patented machine. Such a claim would remain his as against the parties who purchased from the manufacturers. All that plaintiff could have damaged him by selling the machine directly to others, upon the evidence, would be in the amount of the profit, which he could have derived from the sale of the machine, had it passed through his hands. The amount of damages thus established under this counter-claim, added to the previous counter-claim, would not amount to $500, even if to the first counter-claim there be added interest upon it, which is not demanded. The second counter-claim being for unliquidated damages, would not carry interest upon a recovery. As the defendant claimed, under his first counter-claim, a liability to him from the plaintiffs, fixed at a certain sum under the contract, and did not move to amend or to increase the claim, he cannot be heard upon this appeal to claim that his demand was larger than stated in the pleading.

The appeal should be dismissed, with costs to the respondent.

All concur.

Appeal dismissed.